PHILLIP A. TALBERT
Assistant United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>APPROXIMATELY $10,480.00 IN U.S. CURRENCY, and<br><br>APPROXIMATELY $10,420.00 IN U.S. CURRENCY,<br><br>   Defendants. | 2:15-MC-00126-MCE-EFB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On May 13, 2015, United States Postal Inspectors and the California Department of Justice, Mountain and Valley Marijuana Investigation Team conducted a marijuana interdiction operation at the USPS shipping facility in West Sacramento.  During the operation, agents detained two parcels sent from D. W. Rominger at 2853 Cobalt Drive, Clarksville, Tennessee to Roberta Edd at P.O. Box 301, Orangevale, California.  The labels were handwritten and sent "Express" delivery from the same sender to the same recipient.  The parcels were also taped with silver colored duct tape and mailed from two different post offices.  A drug detection dog also gave a positive alert for the odor of marijuana emanating from the parcels.  The agents contacted the recipient of the parcels.  The recipient volunteered that there was approximately $21,000.00 in cash collectively inside of the parcels.  The recipient gave her consent to open the packages.  Agents found $10,480.00 in cash in one

and $10,420.00 in cash in the other (collectively hereafter, "defendant currency").

2. For the purposes of this settlement only, claimant does not contest the United States' Representation that it could show at a forfeiture trial that once the parcels arrived at the West Sacramento facility, a drug detection dog positively alerted to both parcels. Postal Inspectors took custody of both parcels found at a residence address for Edd located at 9127 Greenback Lane in Orangevale. Law enforcement agents went to the address to interview Edd regarding the parcels. Agents arrived at the residence and knocked several times on the front door and windows but there was no answer. The trailer park manager stated that he had previously received parcels from the post office for Edd and that she is usually home. Agents knocked again and heard people inside the trailer. Alan Rominger ("Rominger"), Edd's boyfriend and D.W. Rominger's brother, answered the door agitated. Agents asked if Edd was available and told him they had two parcels addressed to Roberta. When asked about the contents of the parcels, Rominger answered by saying his brother sent the parcels and they contained $21,000.00 in cash. Rominger explained that his brother was repaying some loans, giving him money from their deceased mother's life insurance benefits, and helping him repay a car loan. Edd gave consent to open the parcels.

3. For the purposes of this settlement only, claimant does not contest the United States' representation that it could show at a forfeiture trial that each parcel contained a legal sized manila bubble padded envelope with cash sealed inside a vacuum sealed bag. Agents asked why the money was vacuum sealed and Rominger stated that it was sealed to secure the contents and heard from others of mail being stolen. Rominger said he had mail stolen in the past. Agents then asked Edd and Rominger which vehicle they were going to use the money to pay off. Edd replied it was her Nissan sedan that she owed about $8,000.00 on. Agents also asked why Rominger's brother didn't just wire the money to them and Rominger stated he didn't want a money trail to him because he did not want to lose his social security. When asked for his brother's contact information, Rominger asked, "If I do that, and you call him now, and he tells you the same thing we're telling you, are you going to give her [Edd] the packages?" The agent answered that it did not work that way. Rominger stated that was "bullshit" and told the agents that they could find his brother's phone number themselves.

4.	The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5.	Without admitting the truth of the factual assertions contained in this stipulation and for the purpose of reaching an amicable resolution and compromise of this matter, Edd agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Edd hereby acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

6.	This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.	This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8.	The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.	The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2.	Upon entry of the Consent Judgment of Forfeiture, Approximately $10,420.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3.	Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, Approximately $10,480.00 in U.S. Currency shall be returned to claimant Roberta Edd through her attorney Thomas W. Barth.

4.	The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and

final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waives the provisions of California Civil Code § 1542.

5.   No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6.   All parties will bear their own costs and attorney's fees.

7.   Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated:  July 29, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE